IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIE E. TATUM,<br><br>    Petitioner,<br><br>vs.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 08-814 TEH (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a California state inmate at Soledad State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the September 15, 2005, decision of the California Board of Parole Hearings ("BPH") to deny him parole. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition and the attachments thereto, Petitioner was convicted in Los Angeles County Superior Court in 1982 of two counts of kidnapping and robbery with the use of a deadly weapon and was sentenced to a term of seven years-to-life.

Petitioner challenges the BPH's decision finding him unsuitable for parole after his twelfth parole consideration hearing on September 15, 2005. According to the petition, on June 29, 2006, Petitioner filed a state petition for writ of habeas corpus in the Los Angeles County Superior Court, which denied the petition on April 10, 2007. Pet. Ex. D. On July 17, 2007, Petitioner filed a petition for a writ of habeas corpus in the Court of

Appeal, which denied relief.  Petitioner filed a petition for review in the California Supreme Court, which denied review on December 12, 2007.

## DISCUSSION

A.   Standard of Review

The Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's decision finding him not suitable for parole on the following grounds: 1) there was not some evidence in the record showing that Petitioner is a current threat and danger to society; 2) Petitioner invoked his right not to discuss the commitment offense and his refusal to discuss the offense was improperly held against him; 3) Petitioner had minimal criminal history and no prior convictions; 4) the record does not support the BPH's conclusion that Petitioner has not participated in self-help programming; 5) the record does not support the finding that Petitioner was uncooperative and combative at the hearing, leading to Petitioner's removal from the hearing.  Liberally construed, Petitioner's claims appear colorable under § 2254 and merit an answer from Respondent.  See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

///
///

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

SO ORDERED.

DATED: 07/01/08

THELTON E. HENDERSON
United States District Judge

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE EARN TATUM JR,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-00814 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie E. Tatum #: C-55580  
California Training Facility - (C.T.F.)  
California State Prison-Soledad  
P.O. Box 689  
East Dorm 90/Low  
Soledad, CA 93960

Dated: July 2, 2008

Richard W. Wieking, Clerk  
By: R.B. Espinosa, Deputy Clerk